IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv557

| BOYD BOSTICK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| PERDUE FARMS; STATE OF NORTH CAROLINA; MRS. INGORD; JUDY BERCKMAN; MEREDITH R. HENDERSON; and MICHELLE LEUCKING SUNMAN, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983. (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires the claimant to prove that a person acting under color of state law deprived him of a right secured by federal law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. §1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's cause of action is barred by the statute of limitations.

Plaintiff contends that he was injured while on work release at Perdue Farms in 2001. On March 21, 2001, Plaintiff filed a grievance against Mrs. Ingord, his case manager. He complains that he sought her assistance in filing the paperwork for worker's compensation, but she did not fill

1

out the forms on his behalf. (Doc. No. 1 at 3). As relief, Plaintiff asks that "the false charge [be] drop[ped] to sue for damge [sic], pain suffering, medical care, surerey [sic] and my pay." (Id. at 4).

To the extent that this case is a proper § 1983 action, such claim would be barred by the statute of limitations. There is no statute of limitations provided in § 1983. However, federal courts apply the forum state's "most analogous" statute of limitations, generally the statute applicable to personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The date the cause of action accrues is determined under federal law. Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). In North Carolina, the statute of limitations for actions under 42 U.S.C. § 1983 is three years. Love v. Alamance Cnty. Bd. of Educ., 757 F.2d 1504, 1506 (4th Cir. 1985); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues and the statute of limitations commences "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). The Supreme Court has held the critical facts in determining time accrual are that a plaintiff knows he has been hurt and who inflicted the injury. United States v. Kubrick, 444 U.S. 111, 123 (1979).

Plaintiff's injury occurred in 1991 while on work release. Shortly after his injury, Plaintiff filed a grievance against Mrs. Ingold for failure to fill out the paperwork required for him to receive workers compensation insurance. Therefore, Plaintiff's cause of action on the current claim accrued in 1991. The instant case was filed on November 4, 2010, well beyond the three-year statute of limitations for cases filed pursuant to § 1983. Plaintiff's Complaint is thus time-barred.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge